UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK J. ISSA, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:08CV00167 ERW |
| VAN RU CREDIT CORPORATION, | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Disqualify a Judge [doc. #9].

## **I. BACKGROUND**

Plaintiff Jack Issa filed suit against Van Ru Credit Corporation on February 4, 2008, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* On the same date, Plaintiff also filed a Motion to Appoint Counsel. Defendant filed an answer on March 3, 2008, at which time the matter was set for a Rule 16 conference. On March 11, 2008, Plaintiff filed a Motion to Disqualify a Judge. The Court subsequently vacated the Rule 16 conference, so that a ruling could be made on Plaintiff's pending motion to disqualify a Judge. Plaintiff's motion is now fully briefed, and the Court will address it at this time.

## **II. LEGAL STANDARD**

28 U.S.C. § 455 states, in pertinent part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably

1

be questioned." 28 U.S.C. § 455(a).[1]  "Use of the word 'might' in the recusal statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *In re Larson*, 43 F.3d 410, 415 (8th Cir. 1994) (internal quotation omitted).  The Eighth Circuit then went onto apply an objective standard of reasonableness in determining a judge's partiality.  *Id.*

## III. DISCUSSION

In the case before the Court, the Plaintiff raises three arguments in support of his assertion that this Court should be disqualified from hearing Plaintiff's case: (1) This Court dismissed a prior case filed by Plaintiff; (2) Kimberly Yates, a former intern[2] in this Chambers, represented the Defendant in a prior action filed by Plaintiff; and (3) the Court has yet to rule on Plaintiff's pending motion to appoint counsel.  Defendant disputes that any of these bases are sufficient to show either partiality, or the appearance of partiality.  The Court agrees.

Plaintiff's first argument is based upon a prior case filed in this Court on April 24, 2002.  That case was dismissed by this Court as failing to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  "Previous contact between judge and litigant in an unrelated context is not grounds to disqualify a judge." *United States v. Leisure*, 377 F.3d 910, 916 (8th Cir. 2004), *rev'd*, *Leisure v. United States*, 543 U.S. 1112 (2005).  The prior lawsuit filed in this Court is unrelated to the action currently pending.  Furthermore, the Court dismissed

---

[1] 28 U.S.C. § 455 also lists a number of specific circumstances in which a judge should disqualify himself, however, none of the specific provisions are relevant to the matter before this Court, and therefore, the Court will not quote the entire statute. 28 U.S.C. § 455(b)(1)-(5).

[2] Plaintiff mistakenly refers to Ms. Yates as a former law clerk.  The Court notes that as an intern, Ms. Yates had less involvement in cases pending before this Court.  However, the Court also notes that even had Ms. Yates held the position of law clerk, this fact alone would be insufficient to create bias.

Plaintiff's prior action without prejudice, allowing Plaintiff the opportunity to re-file, if he wished. This action does not show any bias towards the Plaintiff, nor does it suggest that a reasonable person, who was aware of all of the circumstances, "would harbor doubts about the judge's partiality." *In re Larson*, 43 F.3d at 415. The Court finds this basis unpersuasive.

Plaintiff's next assertion is that the Court should recuse itself because a former intern was an attorney for defendants in an action filed by Plaintiff, and heard by Judge Henry A. Autrey. That case was dismissed upon a stipulation filed jointly by the parties resolving all claims. Ms. Yates involvement in a prior case, heard before a different judge, is not evidence of bias towards Plaintiff, nor does it create an appearance of partiality.

Lastly, Plaintiff argues that this Court's failure to rule on his pending motion for appointment of counsel evidences bias towards the Plaintiff. It is this Court's practice to withhold an immediate ruling on a motion to appoint counsel, until after the first dispositive motion has been filed; ordinarily a motion to dismiss. At that time the Court will assess Plaintiff's *pro se* case and determine whether the appointment of counsel is appropriate. Therefore, this Court's failure to immediately rule on Plaintiff's pending motion does not evidence bias towards the Plaintiff, but rather represents this Court's normal practice. Furthermore, "[a] party's disagreement with a judge's rulings is not grounds for disqualification of the judge." *Kaminsky v. Saint Louis University School of Medicine*, 2006 WL 1876962, *1 (E.D. Mo. July 5, 2006). The Court concludes that Plaintiff's final basis for disqualification is without merit.

**IV. CONCLUSION**

The Court concludes that there is no basis for recusal in this case. The Plaintiff has failed to make a showing that the Court is biased against Plaintiff, nor has he presented facts that would create the appearance of bias. The Court approaches each case with an open mind, and holds no

predetermined prejudice against either party. Therefore, for the reasons articulated above, Plaintiff's motion for disqualification is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Judge [doc. #9] is **DENIED**.

Dated this 11th Day of April, 2008.

                                                                             _E. Richard Webber_
                                                                             E. RICHARD WEBBER
                                                                             UNITED STATES DISTRICT JUDGE